R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*John Keatley*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN KEATLEY,<br><br>Plaintiff,<br><br>v.<br><br>WILD SKY MEDIA CO., LTD,<br><br>Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff John Keatley, ("Plaintiff"), by his undersigned attorneys, Rath, Young and Pignatelli, P.C., for his complaint against the defendant Wild Sky Media Co., Ltd. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is an individual working as a professional photographer with a principal place of business at 5123 SW Admiral Way, Seattle, Washington, 98116.

4. Upon information and belief, the Defendant is a foreign company operating a principal place of business at 233 Broadway, 13th Floor, New York, New York 10279.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.   Plaintiff's Business**

8. Plaintiff is a professional photographer who licenses his works for professional applications including editorial, advertising, corporate and non-profit use. His work has appeared in magazines, brochures, billboards, TV and extensively on the internet. Plaintiff has been awarded over his career with accolades such as an Honorable Mention at the 21st Annual Photographic Exhibition in 2014, American Photography awards in years 2014, 2015, 2016 and 2017. Plaintiff has been invited to photographer famous icons and celebrities over his

career, the likes of which include Anthony Hopkins, Annie Leibovitz, Sarah Palin and Macklemore, among others.

9. Plaintiff's intellectual property is important to his livelihood.

10. Plaintiff is the sole creator of the photographic image that is the subject of this litigation (the "Copyrighted Work"), a copy of which is attached hereto as Exhibit A.

11. On January 13, 2017, Plaintiff obtained a registration with the United States Copyright Office for the Copyrighted Work, registration number VA-2-036-666, a copy of which is attached hereto as Exhibit B.

12. Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work.

13. The Copyrighted Work included such copyright management information in the metadata of the photograph.

**B.     Defendant's Unlawful Activities**

14. Upon information and belief, Defendant owns and operates or participates in the operation of a number of websites, including one located at the URL http://playbuzz.fanbread.com, where Defendant publishes copyrighted content, or causes copyrighted content to be published, such as that belonging to Plaintiff, to draw internet users to visit and remain at Defendant's websites where Defendant's profit from advertising revenue grow as viewership grows by which the value of Defendant's website grows.

15. Plaintiff discovered that Defendant was infringing the exclusive copyrights in the Copyrighted Work.

16. Specifically, Plaintiff discovered exact copies of the Copyrighted Work being reproduced, distributed, used for the creation of derivative works and publicly displayed at the infringing website, screenshots of which are attached hereto as Exhibit C.

17. Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work to Defendant's computer system and then uploaded the Copyrighted Work to Defendant's infringing website, thus unlawfully reproducing, creating derivative works and distributing the Copyrighted Work, where the Copyrighted Work were then publicly displayed without Plaintiff's permission.

18. Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, derivation and public display of the Copyrighted Work.

19. The reproduction, distribution, derivation and public display by Defendant of Plaintiff's Copyrighted Work is without Plaintiff's authorization.

20. Defendant's unauthorized reproduction, distribution, derivation and public display of Plaintiff's Copyrighted Work is knowing and willful and in reckless disregard of Plaintiff's rights.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

21. Plaintiff realleges the paragraphs above and incorporates them by reference as if fully set forth herein.

22. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

23. Plaintiff owns sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

24. Upon information and belief, as a result of Plaintiff's public display of the

Copyrighted Work, Defendant had access to the Copyrighted Work prior to its reproduction, distribution, derivation and public display of the Copyrighted Work at the infringing website.

25. Defendant reproduced, distributed, created derivative works of and publicly displayed the Copyrighted Work at its website without authorization from Plaintiff.

26. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, creating derivative works of and publicly displaying the Copyrighted Work at its websites.

27. Upon information and belief, Defendant's infringement of Plaintiff's copyright is willful and deliberate and it has profited at the expense of Plaintiff.

28. As a direct and proximate result of Defendant's infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's use of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

29. At Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

30. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work by Defendant, or such other amounts as may be proper under 17 U.S.C. § 504(c).

31. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

32. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its acts of copyright infringement or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: March 2, 2020

/s/ R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*John Keatley*